UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
    PLAINTIFF, )
)
v. ) No. 3:06-CR-**\_\_\_\_\_**
) Judge Phillips
VINCENT R. JONES, )
)
    DEFENDANT. )

FILED
2006 MAR 15 P 2: 32
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____DEPT. CLERK

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by F. M. Hamilton III, Assistant United States Attorney for the Eastern District of Tennessee, and the Defendant, VINCENT R. JONES, and his attorney, Scott Green, have agreed upon the following:

1. The Defendant will plead guilty to a one-count Information charging him with conspiracy to commit an offense against the United States in violation of Title 18, United States Code, Section 371, namely conspiring with Ronnie Rodgers to structure transactions with a domestic financial institution for the purpose causing a domestic financial institution to fail to file a Currency Transaction Report as required by Title 31, United States Code, Section 5313, for a currency transaction in excess of $10,000 for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, Title 31, Code of Federal Regulations, Section 103.22, in violation of Title 31,

United States Code, Section 5324(a).

Attached hereto as Exhibit 1, and made part hereof, is an Agreed Factual Basis that is hereby made an integral part of this agreement.

2. The maximum penalty for the offense alleged in the one-count information is not more than five (5) years imprisonment, a fine of not more than $250,000.00 (two-hundred-fifty-thousand dollars), a term of supervised release up to three (3) years, and a mandatory assessment of $100.00. The parties further agree that the appropriate disposition of this case would be the following:

> (a) the Court may impose any lawful term of imprisonment up to the statutory maximum;
>
> (b) the Court may impose any lawful fine up to the statutory maximum;
>
> (c) the Court may impose any lawful term of supervised release; and
>
> (d) the Court will impose any applicable mandatory assessment.

3. Defendant understands that the Court has the authority to impose any lawful sentence in this case. Defendant acknowledges that the United States Sentencing Guidelines will be considered in Defendant's case to determine the appropriate sentence. Defendant acknowledges that the sentencing

determination will be based upon the entire scope of Defendant's criminal conduct, Defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

4. If the Defendant complies with the terms of this agreement, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of U.S.S.G. §3E1.1(a). Should the Defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the Defendant's offense(s), the United States will be relieved from its obligations under this paragraph, and will be free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a).

5. Further, if the Defendant complies with the terms of this agreement and the Defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the applicable offense level by 1 additional level pursuant to U.S.S.G. §3E1.1(b). The Defendant agrees that the decision to file such a motion is within the sole discretion of the United States, and should the Defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the Defendant's offense(s), or should the Defendant commit any

offense while on release pending sentencing or otherwise violate the terms of the Defendant's conditions of release, the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

 6. The Defendant acknowledges that he has read the Information in this case and that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have. The Defendant further acknowledges that in order to be convicted of the one-count Information, charging a violation of Title 18, United States Code, Section 371, the United States must prove beyond a reasonable doubt that:

  (a) the conspiracy described in the Information was willfully formed, and was existing at or about the time alleged;

  (b) the Defendant willfully became a member of the conspiracy;

  (c) one of the coconspirators thereafter knowingly committed at least one overt act charged in the Information at or about the time and place alleged; and

  (d) such overt act was knowingly done in furtherance of

some object or purpose of the conspiracy as charged.

7. The Defendant acknowledges that he understands he has a right to indictment by a grand jury, to persist in pleas of not guilty, and to a jury trial at which he would have the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The Defendant further acknowledges that he understands that if his guilty plea is accepted by the court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The Defendant further acknowledges that he understands that the court may question him under oath, on the record, and in the presence of counsel about offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement. The Defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

8. As part of the plea agreement, the Defendant will pay the special assessment adjudged in this case at the time of sentencing.

9. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for

eventual disbursement to the appropriate account and/or victim. The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the U.S. Probation Office at any time, he agrees that the custodial agency and/or the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant waives any statutory or constitutional right to have his payment schedule determined by the District Court. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the government deems appropriate. Further, the Defendant agrees that government officials and employees may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of counsel.

     10. If either the United States or the Defendant violate the terms of this agreement, the other party will have the right to void the agreement. While this case is pending, the Defendant agrees to abide by the orders of the court including any order setting conditions of release. Further, Defendant agrees not to commit any additional federal, state or local offenses while on pretrial release or in federal custody or

detention. In the event the Defendant fails to comply with any such order of the court or commits new offenses, the United States is free to withdraw from this plea agreement or to be relieved of its obligations, if any, under this agreement.

11. The Defendant has thoroughly reviewed this agreement with his lawyer and Defendant's lawyer has fully and completely answered all of the Defendant's questions about this guilty plea and its consequences, including questions about sentencing, and has provided the Defendant with satisfactory advice and representation. In return for the concessions made by the government in this agreement, the Defendant is pleading guilty voluntarily and with an understanding of the consequences of his plea of guilty, including sentencing. Therefore, the Defendant knowingly and voluntarily agrees to waive any rights he may have to file any post-conviction motions or pleadings pursuant to Title 28, United States Code, Section 2255. Specifically, the Defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case. Likewise, Defendant knowingly and voluntarily agrees to waive all rights to appeal his conviction on any ground. However, the parties acknowledge that the Defendant and the government have certain limited rights to appeal the sentence in this case pursuant to Title 18, United States Code, Section 3742(b), and agree that nothing in this

agreement affects the Defendant's or government's right or duty to do so. The parties further agree, in accordance with current case law, that this waiver does not affect the Defendant's right to appeal or collaterally attack the conviction and sentence upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

12. This agreement constitutes the disposition of all federal non-tax offenses within the Eastern District of Tennessee presently known to the United States Attorney for the Eastern District of Tennessee.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States.

It is so agreed.

JAMES R. DEDRICK  
Acting United States Attorney

3/2/06  
Date

By: _____  
F. M. Hamilton III  
Assistant United States Attorney

3-2-06  
Date

_____  
Vincent R. Jones  
Defendant

3/2/06  
Date

_____  
Scott Green  
Attorney for Defendant